UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON TEEGARDEN,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MINNESOTA DEPARTMENT OF CORRECTIONS, MINNESOTA CORRECTIONAL FACILITY STILLWATER, MINNESOTA CORRECTIONAL FACILITY OAK PARK, Stillwater Warden MICHELLE SMITH, Stillwater Warden JOHN KING, Oak Park Warden KENT GRANDLIENARD, Oak Park Warden JESSICA SYMMES, JOHN DOE OFFICERS 1-6, Caseworkers ANDY LIEFFORT and JEFF CARLSON, JOHN AND JANE DOES DOCTORS 1-4, SARA HARD, and JOHN AND JANE DOE NURSES 1-6,<br><br>　　　　Defendants. | Civil No. 12-836 (SRN/FLN)<br><br>**REPORT AND RECOMMENDATION** |

　　　This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket No. 2.) The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

　　　Plaintiff commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay the $350.00 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

The Court previously reviewed Plaintiff's IFP application and his complaint, and found that Plaintiff is a former state prison inmate. The Court also found that a website maintained by the Minnesota Department of Corrections, ("DOC"), showed Plaintiff's "current status" to be "Wanted Fugitive," and his current location to be "UNKNOWN." Based on that information, the Court determined that this action might be barred by the "fugitive disentitlement doctrine," which prohibits a party from seeking relief in federal court while he is a fugitive from justice. See Barnett v. Young Men's Christian Ass'n, Inc., 268 F.3d 614, 616-17 (8th Cir. 2001); Perko v. Bowers, 945 F.2d 1038, 1039-40 (8th Cir. 1991). Plaintiff was therefore ordered to show cause why this action should not be summarily dismissed pursuant to the fugitive disentitlement doctrine. (See Order dated May 24, 2012; [Docket No. 3].) The order to show cause expressly informed Plaintiff that if he did not file a suitable response by June 1, 2012, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for failure to prosecute.

The deadline for responding to the Court's order to show cause has now expired, and Plaintiff has not submitted any response, nor has he offered any excuse for his failure to do so. Indeed, Plaintiff has not communicated with the Court at all since he filed this action more than two months ago. Therefore, in accordance with the Court's prior order in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil

Procedure or any court order"); <u>Link v. Wabash Railroad Co</u>., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1] Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's pending IFP application be denied as moot.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be **DENIED AS MOOT**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 11, 2012

s/ <i>Franklin L. Noel</i><br>
FRANKLIN L. NOEL<br>
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 25, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo

---

[1] The Court notes that Plaintiff's current status on the DOC website was recently modified to "Fugitive Apprehend," and it appears that he is now being detained at the Washington County Jail in Stillwater, Minnesota. Although Plaintiff might not presently be a fugitive, the fact remains that he has not submitted any response to the Court's previous order to show cause. That order clearly specified that if Plaintiff did not file a timely response, he would be deemed to have abandoned this action. Therefore, despite any recent change in Plaintiff's DOC status, it can properly be inferred that he has indeed abandoned this case, and that the case should be dismissed. Given the Court's recommendation that this case be dismissed "without prejudice," the dismissal of this action, by itself, should not preclude Plaintiff from renewing his current claims in a future lawsuit.

determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.